CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUBEN PECHER SICAJAU, on behalf of himself :  Case No. 19-CV-3575
and others similarly situated, :
 :
                           Plaintiff, :  **FLSA COLLECTIVE**
 :  **ACTION COMPLAINT**
  -against- :
 :
LUIGI'S BRIGHTON BEACH INC. d/b/a :  **Jury Trial**
LUIGI'S PIZZA, and GONXHE MARKE, :  **Demanded**
 :
                           Defendants. :
-------------------------------------------------------------X

        Plaintiff, RUBEN PECHER SICAJAU ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants LUIGI'S BRIGHTON BEACH INC. d/b/a LUIGI'S PIZZA ("LUIGI'S PIZZA"), and GONXHE MARKE (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

        1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, LUIGI'S PIZZA, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1049 Brighton Beach Avenue, Brooklyn, New York 11235.

7. Defendant, LUIGI'S PIZZA, owns and operates a restaurant located at 1049 Brighton Beach Avenue, Brooklyn, New York 11235 doing business as "Luigi's Pizza" (the "Restaurant").

8. Defendant, GONXHE MARKE, is the President and Chief Executive Officer of LUIGI'S PIZZA, and is an owner, shareholder, director, supervisor, managing

agent, and proprietor of LUIGI'S PIZZA who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LUIGI'S PIZZA.

9. Defendant, GONXHE MARKE, exercises control over the terms and conditions of his employees' employment, in that he has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

10. Defendant, GONXHE MARKE, is present on the premises of the Restaurant on a daily basis, hires and fires employees, actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

11. At least with each of the three (3) most recent years relevant to the allegations herein, LUIGI'S PIZZA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12. Defendants employed Plaintiff to work as a non-exempt dishwasher, porter, kitchen helper/food preparer, stock person, and food delivery worker for the Restaurant from on or about October 15, 2018 until on or about April 14, 2019.

13. The work performed by Plaintiff was directly essential to the business operated by Defendants.

14. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18. Defendant, GONXHE MARKE, participates in the day-to-day operation of the Restaurant. For instance, Mr. Marke personally hires and fires employees, supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

19. Defendant, GONXHE MARKE, creates and implements all business policies and make all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

4

20. On or about October 15, 2018, Defendants hired Plaintiff to work as a non-exempt dishwasher, porter, kitchen helper/food preparer, stock person, and food delivery worker at the Restaurant.

21. Neither at the time of Plaintiff's hiring, nor any time thereafter, did Defendants provide Plaintiff with a wage notice, which informed Plaintiff of his hourly rate of pay and corresponding overtime rate of pay.

22. Plaintiff worked continuously for Defendants in those capacities until on or about April 14, 2019.

23. Plaintiff worked over forty (40) hours per week.

24. Plaintiff was not required to punch a time clock or other time-tracking device to record his work hours.

25. Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

26. Plaintiff was not paid proper minimum wages or overtime compensation.

27. Throughout the entirety of his employment, Plaintiff was paid, in cash, at the rate of $400 per week straight time for all hours worked, and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28. Defendants failed to provide Plaintiff with weekly wage statements in conjunction with payment of his cash wages, which set forth his gross wages, deductions, and net wages.

29. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

30. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

31. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeds ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

32. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since June 18, 2016 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

34. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

35. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

36. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it

virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

38. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

    e.    Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

41. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

44. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, LUIGI'S PIZZA has had gross revenues in excess of $500,000.

45. Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

9

46. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

47. Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

48. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

50. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

52. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

53. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

54. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

55. Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

60. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

61. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day Plaintiff's work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

63. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

64. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

65. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

66. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net

...

wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

67. Neither at the time of his hiring, nor any time thereafter, did Defendants provide Plaintiff with a wage notice explaining to Plaintiff his regular and overtime rates of pay and his regularly designated payday, in contravention of New York Labor Law § 195(1).

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

69. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as liquidated and statutory damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, RUBEN PECHER SICAJAU, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
June 18, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Ruben Pecher__, am an employee currently or formerly employed by __Luigi's Pizzeria__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
____4/18____, 2019

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**
**LIABILITY FOR SERVICES RENDERED**

TO: Gonxhe Marke

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Ruben Pecher Sicajau and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of Luigi's Brighton Beach Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the three (3) years preceding the date of this notice and have expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
      June 18, 2019

                                          CILENTI & COOPER, PLLC
                                          *Attorneys for Plaintiff*
                                          10 Grand Central
                                          155 East 44th Street – 6th Floor
                                          New York, New York 10017
                                          T. (212) 209-3933
                                          F. (212) 209-7102

                               By: _____
                                          Giustino (Justin) Cilenti